UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| LINDA L. LAMPRON, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | No. 2:09-cv-477-DBH |
| POSTMASTER GENERAL, | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The defendant, the Postmaster General, moves for summary judgment on any retaliation claim arising out of the plaintiff's November 2008 transfer to a different post office (included in Count I) and any alleged wage loss after February 2010 (included in Count III). Count II was dismissed by this court on March 1, 2010. Docket No. 23. In his reply memorandum, the defendant concedes that the plaintiff has established a disputed issue of material fact with respect to the plaintiff's claimed wage loss after February 2010, Reply to Plaintiff's Opposition to the Motion for Partial Summary Judgment ("Reply") (Docket No. 51) at 3, and accordingly the motion as to Count III should be denied. I recommend that the court grant summary judgment on Count I in its entirety.

### I. Applicable Legal Standard

#### A. Federal Rule of Civil Procedure 56

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a); *Santoni v. Potter*, 369 F.3d 594, 598 (1st Cir. 2004). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." *Rodríguez-Rivera v. Federico Trilla Reg'l Hosp. of Carolina*, 532 F.3d 28, 30 (1st Cir. 2008) (quoting *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008)). "A fact is material if it has the potential of determining the outcome of the litigation." *Id*. (quoting *Maymi v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir. 2008)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Santoni,* 369 F.3d at 598. Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed. R. Civ. P. 56(c). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

### B.  Local Rule 56

The evidence that the court may consider in deciding whether genuine issues of material fact exist for purposes of summary judgment is circumscribed by the local rules of this district. *See* Loc. R. 56. The moving party must first file a statement of material facts that it claims are not in dispute. *See* Loc. R. 56(b). Each fact must be set forth in a numbered paragraph and

supported by a specific record citation. *See id.* The nonmoving party must then submit a responsive "separate, short, and concise" statement of material facts in which it must "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts[.]" Loc. R. 56(c). The nonmovant likewise must support each denial or qualification with an appropriate record citation. *See id.* The nonmoving party may also submit its own additional statement of material facts that it contends are not in dispute, each supported by a specific record citation. *See id.* The movant then must respond to the nonmoving party's statement of additional facts, if any, by way of a reply statement of material facts in which it must "admit, deny or qualify such additional facts by reference to the numbered paragraphs" of the nonmovant's statement. *See* Loc. R. 56(d). Again, each denial or qualification must be supported by an appropriate record citation. *See id.*

Failure to comply with Local Rule 56 can result in serious consequences. "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Loc. R. 56(f). In addition, "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment" and has "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of fact." *Id.*; *see also, e.g., Sánchez-Figueroa v. Banco Popular de P.R.*, 527 F.3d 209, 213-14 (1st Cir. 2008); Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]").

## II. Factual Background

Count I of the plaintiff's complaint alleges wrongful retaliation under 42 U.S.C. § 2000e for the plaintiff's filing of charges with the Equal Employment Opportunity Commission. Complaint (Docket No. 1) ¶¶ 55-58. The following undisputed material facts relevant to Count I are appropriately set forth in the parties' respective statements of material facts.

In a letter dated October 8, 2008, the plaintiff's then-attorney wrote a letter to William Boughton, the district manager of the United States Post Office in Portland, Maine, complaining that the plaintiff was the object of workplace harassment from a co-worker. Statement of Undisputed Material Facts (Docket No. 41) ¶ 1; Plaintiff's Opposition to Defendant's Statement of Material Facts (Docket No. 47) ¶ 1. By letter dated November 18, 2008, Post Service human resources manager Michal Donahue responded to the letter. *Id*. ¶ 4. The plaintiff alleges that on November 21, 2008, she was forced to accept a transfer from the Waterboro Post Office to the Alfred Post Office with a reduction in her hours. *Id*. ¶ 2.

## III. Discussion

In order to avoid the entry of summary judgment on an unlawful retaliation claim brought in the employment context, a plaintiff must provide evidence that would allow a reasonable factfinder to conclude that she engaged in a protected activity, that she thereafter suffered an adverse employment action, and that there was a causal nexus between the protected activity and the adverse action. *Ahern v. Shinseki*, 629 F.3d 49, 55 (1st Cir. 2010). In his initial motion, the defendant argued that the complaint letter from the plaintiff's lawyer could not constitute protected activity as a matter of law, and that the plaintiff, therefore, could not recover for any adverse action alleged to have been taken in retaliation for the letter. Motion for Partial Summary Judgment (Docket No. 40) at 1-2.

In her opposition to the motion, the plaintiff disclaimed any reliance on her lawyer's letter to support Count I. She asserted that she "only alleges that her EEO complaints and the present lawsuit constitute protected activity." Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Partial Summary Judgment ("Opposition") (Docket No. 46) at 6.

If that is the case, then, as the defendant points out in his reply, Reply to Plaintiff's Opposition to the Motion for Partial Summary Judgment (Docket No. 51) at 1-2, both of these allegedly protected activities occurred after the plaintiff's November 21, 2008 transfer.[1] Therefore, the transfer itself, which is the only specifically-alleged, cognizable act of retaliation, Opposition at 1, Plaintiff's Separate Statement of Facts ¶ 2, provides no basis for recovery.

The defendant is entitled to summary judgment on Count I.

### IV. Conclusion

For the foregoing reasons, I recommend that the defendant's motion for summary judgment be **GRANTED** as to Count I and otherwise **DENIED**. If my recommendation is adopted, only Count III of the complaint remains for trial.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

---

[1] There is a technical problem with the defendant's argument. His statement of material facts, not surprisingly, includes no mention of the plaintiff's EEO complaint or her filing of this action. The only paragraph of the plaintiff's statement of material facts that establishes the relative timing of these events, Plaintiff's Separate Statement of Facts (Docket No. 48) ¶ 2, was denied by the defendant, Reply to Plaintiff's Separate Statement of Facts (Docket No. 52) ¶ 2. The stated basis for the denial, that the plaintiff's citation to her unverified complaint as the only support for this paragraph is insufficient, is technically correct. However, it is clear from the complaint and the parties' memoranda of law that there is no dispute about the relative timing of these events. Under these circumstances, the plaintiff should not be allowed to go to trial on a claim that is clearly insufficient to enable her to do so.

***Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.***

Dated this 31st day of March, 2011.

<u>/s/ John H. Rich III</u>
John H. Rich III
United States Magistrate Judge